### BRIDGES v. THOMAS, Director of P.S.C. No. II.

#### Civil Action No. 11687.

District Court, D. Colorado.
Nov. 14, 1944.

Frank Le Roy Bridges in pro. per.

Ivor O. Wingren, Asst. U. S. Atty., of Denver, Colo., for respondents.

SYMES, District Judge.

The defendant when first called under Selective Service claimed he was supporting dependents and was a minister of the gospel and was given a classification of 3–A by the local board in Idaho. He took an appeal and while this was pending the local board reclassified him 4–E. The appeal board sustained the local board classification of 3–A and the local board accordingly put him in that classification. A year elapsed, then the local board put him in A–1 for screening test. He gave notice of appeal, claiming he was still supporting dependents and was a conscientious objector. The local board then put him in 4–E, from which he took no appeal.

A year later, pursuant to this classification, he was ordered to Mancos Camp and refused to go. He did not exhaust his administrative remedies by complying with the order and then suing out a writ of habeas corpus.

For this refusal to report he was convicted and put on probation by the Federal court in California. The terms of the probation were as follows:

"That imposition of sentence herein is suspended for the period of two years, and you are placed on probation for said period on the following terms and conditions; First, that you shall comply with all future orders of your draft board or orders that may be issued under the Selective Service System; Secondly, that you shall keep employed in some essential, worth-while work.

"The Court will not interfere with your testing the classification of yourself by your draft board, and will not consider such action by you to be a violation of the above probation order."

Pursuant to this probation order he went to work in a store until his local board gave him another order to report at Mancos Camp on September 8, 1944. He complied with this order, and on arrival at Mancos sued out this writ of habeas corpus. According to his petition for the writ, what he complains of is the original classification of the board and not the action of the court in California.

The way to test out the question of his conviction in California was by direct appeal from the judgment of his conviction. However, he is here attempting to question his original classification, which he admittedly refused to comply with. He has no standing here because he has not exhausted his administrative remedies, or taken any appeal in respect to that order.

The record fails to show that he took any appeal of any kind from the first order of his local board. Therefore under the Falbo case, Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305, and the Billings case, Billings v. Truesdell, 321 U.S. 542, at page 558, 64 S.Ct. 737, 746, 88 L.Ed. 917, he has not exhausted all his administrative remedies. He must take all those steps, for as Justice Douglas says in the Billings case, he has not exhausted all his administrative remedies by not complying with the procedure outlined in the Falbo case for the exhaustion of his administrative remedies.

In the Billings case, supra, it is said:

"Moreover, it should be remembered that he who reports at the induction station is following the procedure outlined in the Falbo case for the exhaustion of his administrative remedies."

As stated above, he did not report at any camp pursuant to the first order of his draft board, and his failure to do so was the cause of that trial.

"Unless he follows that procedure he may not challenge the legality of his classification in the courts." Billings v. Truesdell, supra, 321 U.S. at page 558, 64 S.Ct. at page 746, 88 L.Ed. 917.

It seems to me this probation order is inconsistent, because it entirely overlooks the fact that he was in default for failure to comply with the original order of his draft board, and has not taken any appeal in respect to that order, or exhausted the administrative remedies in respect thereto given him by the statute.

Furthermore, he is at Mancos by virtue of his probation order and the second order of his local board. If so then any complaint he has of that order should be made to the court which granted him probation.

The writ is set aside and the defendant remanded.